UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| United States Securities and Exchange Commission, | Civ. No. 19-918 (PAM/ECW) |
| Plaintiff, | |
| v. | **ORDER** |
| Jeffrey C. Mack, and Lawrence C. Blaney, | |
| Defendants. | |

This matter is before the Court on Plaintiff Securities and Exchange Commission's Motion for Entry of Final Judgment as to Defendant Jeffrey C. Mack. Defendant Mack consents to the entry of judgment in this matter. (Docket No. 222-1.)

Accordingly, **IT IS HEREBY ORDERED that**:

1. Plaintiff's Motion as to Defendant Mack (Docket No. 222) is **GRANTED**;

2. Defendant Mack is permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78j(b), and Rule 10b-5 promulgated thereunder, 17 C.F.R. § 240.10b-5, by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

    (a) to employ any device, scheme, or artifice to defraud;

    (b) to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the

light of the circumstances under which they were made, not misleading; or

 (c) to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person;

3. Defendant Mack is permanently restrained and enjoined from violating Section 17(a) of the Securities Act of 1933 (the "Securities Act"), 15 U.S.C. § 77q(a), in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

 (a) to employ any device, scheme, or artifice to defraud;

 (b) to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

 (c) to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser;

4. Defendant Mack is permanently restrained and enjoined from violating Section 13(b)(5) of the Exchange Act, 15 U.S.C. § 78m(b)(5), by knowingly circumventing or knowingly failing to implement a system of internal accounting controls or knowingly falsify any book, record, or account described in Section 13(b)(2) of the Exchange Act, 15 U.S.C. § 78m(b)(2);

5. Defendant Mack is permanently restrained and enjoined from violating

Exchange Act Rule 13b2-1, 17 C.F.R. 240.13b2-1, by directly or indirectly falsifying or causing to be falsified, any book, record or account subject to Section 13(b)(2)(A) of the Exchange Act, 15 U.S.C. § 78m(b)(2)(A);

6. Defendant Mack is permanently restrained and enjoined from violating Exchange Act Rule 13b2-2, 17 C.F.R. 240.13b2-1, by directly or indirectly, omitting to state, or cause another person to omit to state, any material fact necessary in order to make statements made, in light of the circumstances under which such statements were made, not misleading, to an accountant in connection with: (i) any audit, review or examination of the financial statements of the issuer required to be made pursuant to this subpart; or (ii) the preparation or filing of any document or report required to be filed with the Commission pursuant to this subpart or otherwise;

7. Defendant Mack is permanently restrained and enjoined from violating Exchange Act Rule 13a-14, 17 C.F.R. 240.13a-14, by, directly or indirectly, signing a false and misleading certification with quarterly and annual reports required to be filed with the Securities and Exchange Commission ("SEC") pursuant to Section l3(a) of the Exchange Act, 15 U.S.C. §78m(a).

8. Defendant Mack is permanently restrained and enjoined from aiding and abetting any violation of Section 13(a) of the Exchange Act, 15 U.S.C. § 78m(a), and Exchange Act Rules 12b-20, 13a-1, 13a-11, and 13a-13, by knowingly or recklessly providing substantial assistance to an issuer to file with the SEC periodic reports that are not accurate and misleading;

9. Defendant Mack is permanently restrained and enjoined from aiding and abetting any violation of Section 13(b)(2)(A) of the Exchange Act, 15 U.S.C. § 78m(b)(2)(A), by failing to make and keep books, records, and accounts, which, in reasonable detail, accurately and fairly reflected the transactions and dispositions of the assets of any issuer that has a class of securities registered pursuant to Section 12 of the Exchange Act, 15 U.S.C. § 78l, or that is required to file reports pursuant to Section 15(d) of the Exchange Act, 15 U.S.C. § 78o(d);

10. The injunctions set forth in paragraphs 2 through 9 above also bind the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a);

11. Pursuant to Section 21(d)(2) of the Exchange Act, 15 U.S.C. § 78u(d)(2), and Section 20(e) of the Securities Act, 15 U.S.C. § 77t(e), Defendant Mack is prohibited from acting as an officer or director of any issuer that has a class of securities registered pursuant to Section 12 of the Exchange Act, 15 U.S.C. § 78l, or that is required to file reports pursuant to Section 15(d) of the Exchange Act, 15 U.S.C. § 78o(d);

12. Defendant Mack is liable for disgorgement of $60,000, representing net profits gained as a result of the conduct alleged in the Complaint, together with prejudgment interest thereon in the amount of $11,341.45, and a civil

penalty in the amount of $195,047 pursuant to Section 20(d) of the Securities Act, 15 U.S.C. § 77t(d), and Section 21(d)(3) of the Exchange Act, 15 U.S.C. § 78u(d)(3).  Defendant shall satisfy this obligation by paying $266,388.45 to the SEC pursuant to the terms of the payment schedule set forth in paragraph 13 below after entry of this Final Judgment.

Defendant may transmit payment electronically to the Commission, which will provide detailed ACH transfer/Fedwire instructions upon request. Payment may also be made directly from a bank account via Pay.gov through the SEC website at http://www.sec.gov/about/offices/ofm.htm.  Defendant may also pay by certified check, bank cashier's check, or United States postal money order payable to the SEC, which shall be delivered or mailed to:

> Enterprise Services Center
> Accounts Receivable Branch
> 6500 South MacArthur Boulevard
> Oklahoma City, OK 73169

 and shall be accompanied by a letter identifying the case title, civil action number, and name of this Court; Jeffrey C. Mack as a defendant in this action; and specifying that payment is made pursuant to this Final Judgment.

Defendant shall simultaneously transmit photocopies of evidence of payment and case identifying information to the Commission's counsel in this action.  By making this payment, Defendant relinquishes all legal and equitable right, title, and interest in such funds and no part of the funds shall be returned to Defendant.

The Commission may enforce the Court's judgment for disgorgement and prejudgment interest by using all collection procedures authorized by law, including, but not limited to, moving for civil contempt at any time after 30 days following entry of this Final Judgment.

The Commission may enforce the Court's judgment for penalties by the use of all collection procedures authorized by law, including the Federal Debt Collection Procedures Act, 28 U.S.C. § 3001 et seq., and moving for civil contempt for the violation of any Court orders issued in this action. Defendant shall pay post judgment interest on any amounts due after 30 days of the entry of this Final Judgment pursuant to 28 U.S.C. § 1961. The Commission shall hold the funds, together with any interest and income earned thereon (collectively, the "Fund"), pending further order of the Court.

The Commission may propose a plan to distribute the Fund subject to the Court's approval. Such a plan may provide that the Fund shall be distributed pursuant to the Fair Fund provisions of Section 308(a) of the Sarbanes-Oxley Act of 2002. The Fund may only be disbursed pursuant to an Order of the Court.

Regardless of whether any such Fair Fund distribution is made, amounts ordered to be paid as civil penalties pursuant to this Judgment shall be treated as penalties paid to the government for all purposes, including all tax purposes. To preserve the deterrent effect of the civil penalty, Defendant shall not, after offset or reduction of any award of compensatory damages in

any Related Investor Action based on Defendant's payment of disgorgement in this action, argue that he is entitled to, nor shall he further benefit by, offset or reduction of such compensatory damages award by the amount of any part of Defendant's payment of a civil penalty in this action ("Penalty Offset"). If the court in any Related Investor Action grants such a Penalty Offset, Defendant shall, within 30 days after entry of a final order granting the Penalty Offset, notify the Commission's counsel in this action and pay the amount of the Penalty Offset to the United States Treasury or to a Fair Fund, as the Commission directs. Such a payment shall not be deemed an additional civil penalty and shall not be deemed to change the amount of the civil penalty imposed in this Judgment. For purposes of this paragraph, a "Related Investor Action" means a private damages action brought against Defendant by or on behalf of one or more investors based on substantially the same facts as alleged in the Complaint in this action;

13. Defendant Mack shall pay the total of disgorgement, prejudgment interest, and penalty due of $266,388.45 in five installments to the Commission according to the following schedule: (1) $5,000 within 7 days of entry of this Final Judgment; (2) $65,348.00 within 90 days of entry of this Final Judgment; (3) $65,348.00 within 180 days of entry of this Final Judgment; (4) $65,348.00 within 270 days of entry of this Final Judgment; and (5) $65,344.45 within 364 days of entry of this Final Judgment. Payments shall be deemed made on the date they are received by the Commission and shall

be applied first to post judgment interest, which accrues pursuant to 28 U.S.C. § 1961 on any unpaid amounts due after 30 days of the entry of Final Judgment. Before making the final payment set forth herein, Defendant Mack shall contact the staff of the Commission for the amount due for the final payment.

If Defendant Mack fails to make any payment by the date agreed and/or in the amount agreed according to the schedule set forth above, all outstanding payments under this Final Judgment, including post-judgment interest, minus any payments made, shall become due and payable immediately at the discretion of the staff of the Commission without further application to the Court;

12. Defendant Mack's Consent (Docket No. 222-1) is incorporated herein with the same force and effect as if fully set forth herein, and that Defendant shall comply with all of the undertakings and agreements set forth therein;

13. Solely for purposes of exceptions to discharge set forth in Section 523 of the Bankruptcy Code, 11 U.S.C. §523, the allegations in the complaint are true and Defendant Mack admits those allegations, and further, any debt for disgorgement, prejudgment interest, civil penalty or other amounts due by Defendant Mack under this Final Judgment or any other judgment, order, consent order, decree or settlement agreement entered in connection with this proceeding, is a debt for the violation by Defendant Mack of the federal securities laws or any regulation or order issued under such laws, as set forth

in Section 523(a)(19) of the Bankruptcy Code, 11 U.S.C. §523(a)(19).

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated:  June 1, 2021

*s/Paul A. Magnuson*
Paul A. Magnuson
United States District Court Judge